```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
BRIAN HAMILTON,                    :
                                   :
        Plaintiff,                 :   Civ. No. 16-64 (NLH)
                                   :
    v.                             :   OPINION
                                   :
HON. MARY EVA COLALILLO, et al.,   :
                                   :
        Defendants.                :
_____:

APPEARANCES:
Brian Hamilton, #4304162
Camden County Correctional Facility
P.O. Box 90431
330 Federal St.
Camden, NJ 08101
     Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Brian Hamilton, a pretrial detainee confined at the Camden County Correctional Facility in Camden, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), and submitted an application to proceed in forma pauperis (ECF No. 1-3). On January 12, 2016, this Court found Plaintiff's in forma pauperis application to be complete pursuant to 28 U.S.C. § 1915, and granted Plaintiff leave to proceed without prepayment of fees. (ECF No. 2).

    At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  For the reasons set forth below, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

I.   BACKGROUND

In his Complaint, Plaintiff generally alleges that the Camden County Prosecutor's Office, together with the Camden County Court (Law Division, Criminal Part), have violated, and continue to violate, the rights of pre-trial detainees who are arrested without a warrant.  Plaintiff further asserts that these actions "appear[] to be a covert conspiracy amongst the heads of departments within the Camden County Law Division (judges, prosecutors, public defenders) to knowingly, purposely, arbitrarially [sic] and capriciously deny the class[1] [pre-trial

---

[1] Although Plaintiff references a "class" several times (Compl. 4, 5, 8), the instant Complaint is signed only by Plaintiff and does not assert those facts and allegations sufficient to maintain a class or collective action.  Therefore, the Court need not consider the issues that arise in cases where multiple plaintiffs are involved, such as joinder, FED. R. CIV. P. 20, or class certification, FED. R. CIV. P. 23.

detainees] their constitutional right to a probable cause hearing." (Compl. 5, ECF No. 1).

Plaintiff also provides more specific facts and asserts that on May 23, 2015, he attended a meeting with "a prosecuting attorney," who offered Plaintiff a plea bargain. (Id.). Plaintiff further alleges that this attorney informed him that "any redress he would be seeking would be considered 'moot' because a 'true bill' indictment had been returned." (Id.). Nevertheless, Plaintiff alleges that the prosecutor told him the State would still be willing to grant him a probable cause hearing. Plaintiff states that he refused this offer because he believed his rights had already been violated, and he believed that any probable cause hearing would be "'rubber-stamped' in favor of the State." (Id.).

Plaintiff names two defendants. First, he names Mary Eva Colalillo, who Plaintiff describes as "chief counsel" in the Camden County Prosecutor's Office. (Compl. 2, ECF No. 1). Plaintiff alleges that Defendant Colalillo "refuses to calendar probable cause hearings for pre-trail [sic] detainees arrested without warrants and systematically renders motions for Gerstein hearings moot by forwarding to the jurats (CDR) complaint/warrants to the grand jury which in turn rubber stamps a 'true bill' of indictment[.]" (Id.). Plaintiff also names Deborah Silverman-Katz, who Plaintiff states is an assignment

3

judge in the superior court, as a defendant.  Plaintiff alleges that she "sanction[s] the inaction of the Camden County Prosecutor's Office to provide probable cause hearing by failure to calendar the same." (Id. at 3).

## II.   STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding in forma pauperis and is seeking relief from government employees.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

4

"Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Connelly v. Lane Const. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 679); see also Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations

5

omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay

Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III. DISCUSSION

A. No Personal Involvement

As an initial matter, Plaintiff does not make specific allegations regarding the two named defendants.  His general and conclusory allegations that each of the defendants violates the

7

rights of pre-trial detainees is insufficient to state a cause of action. See Twombly, 550 U.S. at 555 (holding that entitlement to relief requires more than labels and conclusions); Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, although Plaintiff describes a specific instance — the meeting that took place on May 23, 2015 (Compl. 5, ECF No. 1) — Plaintiff does not allege that either defendant participated in said meeting or in the alleged resulting constitutional violation.  The Third Circuit has "consistently held that '[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.'" Batts v. Giorla, 550 F. App'x 110, 112 (3d Cir. 2013) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also Tenon v. Dreibelbis, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable").  Because Plaintiff has not plead any facts which suggest that either defendant was aware of, or involved in, the specific events which Plaintiff alleges violated his

constitutional rights, he has not adequately plead a cause of action against them.

B. Claims Against the Camden County Prosecutor

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 418, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); LeBlanc v. Stedman, 483 F. App'x 666, 670 (3d Cir. 2012) (per curiam) (finding prosecutors immune from suit where they are acting within the scope of their duties in a criminal prosecution and noting that the protection includes a prosecutor's activities with preparing and filing charging documents); Green v. United States, 418 F. App'x 63, 66 (3d Cir. 2011) (per curiam) ("[P]rosecutors enjoy immunity from suit for damages under § 1983 for actions performed within their authority) (citations omitted); Darby v. Geiger, 441 F. App'x 840 (3d Cir. 2011).

Therefore, to the extent Plaintiff means to assert claims against Defendant Colalillo which relate to actions within the scope of her prosecutorial duties, such as the initiation and pursuit of a criminal prosecution, any such claims would be subject to dismissal with prejudice.

C. Claims Against Judge

Judges are generally immune from suit. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991). If the

9

actions underlying the complaint were judicial and were not performed "in the complete absence of all jurisdiction," then this immunity is absolute, regardless of whether the judicial acts were malicious, corrupt, or wrong. Id. at 11-13, 112 S.Ct. 286; see also Pittman v. Martin, 569 F. App'x 89, 91 (3d Cir.) cert. denied, 135 S. Ct. 458, 190 L. Ed. 2d 345 (2014).

Accordingly, to the extent Plaintiff means to assert claims against Defendant Silverman-Katz which relate to actions that were judicial in nature and were not performed in the complete absence of all jurisdiction, any such claims would be subject to dismissal with prejudice.

### IV. PLAINTIFF'S SUPPLEMENTAL SUBMISSIONS

The Court notes that Plaintiff has submitted several documents since the initial filing of his Complaint. (ECF Nos. 3-7). Specifically, Plaintiff has submitted a letter indicated that he received a notice from this Court regarding the filing of his Complaint without an envelope (ECF No. 3); a "Notice of Fault and Opportunity to Cure and Contest Acceptance" which was submitted to the State court and also includes a demand for discovery (ECF No. 4); a letter to "Attorney Soast" requesting full and complete discovery for his state indictment (ECF No. 5); a letter addressed to this Court stating that Plaintiff considers a response letter which he received from the New Jersey Attorney General's Office to be a "threat" against him

for exercising his constitutional rights (ECF No. 6); and a request for entry of default against Defendants in this matter (ECF No. 7). The Court has considered each of these submissions and determines that no action is required by the Court at this time. The Court notes, however, that the response letter from the New Jersey Attorney General's Office (ECF No. 6 at 3-4) is not a "threat" as alleged by Plaintiff. Rather, it is a legitimate response to alleged grievances and liens which Plaintiff attempted to assess against several State employees.

Additionally, Plaintiff is not entitled to the entry of default against Defendants in this matter. (ECF No. 7). Contrary to Plaintiff's assertions, Defendants have not been served and, therefore, were under no obligation to file an Answer. As explained to Plaintiff in the Court's January 12, 2016 Opinion and Order (ECF No. 2), summons in this case would not issue until such time as the Court could conduct a <u>sua sponte</u> screening. Because the Court now dismisses the Complaint as a result of its <u>sua sponte</u> screening, summons shall not issue.

## V.   MOTION FOR PRO BONO COUNSEL

In light of the Court's dismissal of this Complaint, Plaintiff's motion for pro bono counsel (ECF No. 1-4) is dismissed as moot.

## VI. CONCLUSION

For the foregoing reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Because it is possible, although highly unlikely given the substantial prosecutorial and judicial immunity issues, that Plaintiff may be able to amend or supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file, within 45 days, an application to re-open accompanied by a proposed amended complaint.[2] See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order will be entered.

                                           ___s/ Noel L. Hillman
                                           NOEL L. HILLMAN
                                           United States District Judge

Dated: March 18, 2016

At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.